**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JAMI LYNN MEDINA,**

    **Plaintiff,**

v.                                                                                                                        No. 19-cv-1114 SMV

**ANDREW SAUL,**
**Commissioner of the Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing [Doc. 20], filed on June 11, 2020. The Commissioner responded on August 31, 2020. [Doc. 25]. Plaintiff replied on September 21, 2020. [Doc. 26]. The parties have consented to my entering final judgment in this case. [Doc. 12]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards in weighing the opinion of Plaintiff's treating physician, Dr. Johnson. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four) (2018).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner.  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.*  While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on March 14, 2016. Tr. 10. She alleged a disability-onset date of November 1, 2015. *Id.* Her claim was denied initially and on reconsideration. *Id.* Administrative Law Judge ("ALJ") Michael Leppala held a hearing on October 24, 2018, in Albuquerque, New Mexico. Tr. 10, 40. Plaintiff appeared in

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

person with her attorney. Tr. 10, 40. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Holly M. Jule. Tr. 10, 40–105 (transcript of hearing), 107–173 (duplicate transcript).

The ALJ issued his unfavorable decision on February 27, 2019. Tr. 21. The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2020. Tr. 12. At step one, he found that Plaintiff had not engaged in substantial gainful activity since November 1, 2015, her alleged onset date. *Id.*

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: fibromyalgia, gastrointestinal disorders, anxiety, and affective disorders. *Id.* At step three, he determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 12–14. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 14–19.

In determining Plaintiff's RFC assessment, the ALJ rejected the opinion of Plaintiff's treating physician, Christine Johnson, M.D. Dr. Johnson had been Plaintiff's primary care physician for more than two years (between September of 2014 through December of 2016), during which time she had seen Plaintiff at least eleven times. Tr. 774–77, 771–71, 456–58,[3] 454–56,[4] 451–54,[5] 447–50,[6] 446–47,[7] 443–45,[8] 441–43, 529–31, 653. As is relevant to this appeal, Dr. Johnson addressed Plaintiff's chronic pain at every appointment. During at least five visits,

---

[3] Tr. 768–71 (duplicate).
[4] Tr. 766–68 (duplicate).
[5] Tr. 764–66 (duplicate)
[6] Tr. 759–62 (duplicate)
[7] Tr. 757–59 (duplicate).
[8] Tr. 755–57 (duplicate).

Dr. Johnson noted evidence of Plaintiff's myofacial pain and fibromyalgia, such as definite tender points. Tr. 776, 772, 455, 444, 441. The ALJ, however, was not persuaded.

Instead, he adopted the less restrictive opinions of the non-examining agency consultants, Drs. Rehman and Billinghurst. Tr 18 (ALJ's decision), 191–92 (Dr. Rehman's opinion), 208–10 (Dr. Billinghurst's opinion). The ALJ found that these physicians "were experienced in the evaluation of disability claims [and were familiar] with Social Security disability program rules and regulations." Tr. 18. The ALJ further found their opinions persuasive because they had "supported their opinions with citations to specific evidence of record, and put their opinions . . . in work-related functional terms." *Id.* He also found that "their opinions were consistent with the objective evidence of record." *Id.*

> Ultimately, the ALJ found that Plaintiff had:
>
> the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except that she is capable of occasionally lifting and/or carrying 20 pounds, frequently lifting and/or carrying ten pounds, standing and/or walking for about six hours in an eight-hour workday, and sitting for about six hours in an eight-hour workday, all with normal breaks. She can understand, carry out, and remember simple instructions and make commensurate work-related decisions, respond appropriately to supervision, coworkers, and work situations, deal with routine changes in a work setting, maintain concentration, persistence, and pace for up to and including two hours at a time with normal breaks throughout a normal workday. She is limited to occasional interaction with coworkers, supervisors, and the general public.

Tr. 14–15.

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a cleaner, as it is generally performed in the national economy. Tr. 19. Accordingly, the ALJ determined that Plaintiff was not disabled. *Id.*

Although he was not required to, the ALJ went on to make alternative findings at step five. Tr. 19–20. The ALJ considered Plaintiff's RFC, age, education, work experience, and the testimony of the VE. *Id.* He found that Plaintiff could perform the duties of mail clerk and price marker and that such jobs existed in significant numbers in the national economy. Tr. 20. The Appeals Council denied review on October 1, 2019. Tr. 1–3. Plaintiff timely filed the instant action on November 28, 2019. [Doc. 1].

## Discussion

Plaintiff alleges several reversible errors in the ALJ's decision, but the Court addresses only one at this time. The proper legal standards were not applied in evaluating Dr. Johnson's treating opinion. Therefore, remand is necessary for reevaluation of Dr. Johnson's opinion. Doing so may make moot Plaintiff's other claims of error. Accordingly, the Court declines to pass on them at this time.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. § 404.1527(c)(2).[9] This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal*, 331 F.3d at 762.

---

[9] This regulation applies to Plaintiff's case because she filed her claim for benefits prior to March 27, 2017. *See* 82 Fed. Reg. 5844 (Jan. 18, 2017).

In order to receive controlling weight, treating physician opinions must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. § 404.1527(c). However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary. What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. § 404.1527(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two phases. First, the ALJ must find that the opinion is not supported by medical evidence and/or is inconsistent with the record. Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above. Like all findings, an ALJ's findings in these two phases must be supported by substantial evidence.

In this case, Plaintiff's treating physician, Dr. Johnson, drafted a letter in support of her claim for disability benefits on March 23, 2015.

> To Whom It May Concern:
>
> I am contacting you on behalf of my patient, Jamie Medina. Ms. Medina is currently applying for disability and asked me to provide this statement about her medical diagnosis and physical condition.
>
> Fibromyalgia is a chronic, life-altering and often debilitating condition for which there is no cure. Although this condition reveals itself on the muscles and joints, there is also a powerful negative effect on mental functioning. Researchers have found that fibromyalgia causes as much disability as other major diseases, such as cancer, arthritis, hypertension, heart disease, diabetes and depression.
>
> *Ms. Medina suffers from fibromyalgia and anxiety disorder. As a result of these conditions, she should be considered disabled. Her ability to perform a number of basic tasks is limited. Ms. Medina is capable of only mild intermittent activity. Her ability to sustain any activity for even a few hours a day is unpredictable. Any prolonged activity (even sedentary) worsens her condition and can cause exacerbation of her symptoms. Therefore, her activities of daily living are markedly limited as is her ability to complete tasks. This illness has radically limited Ms. Medina's life. She has been unable to maintain work at any level.*
>
> If you have any further questions regarding this patient, please do not hesitate to contact me.

Tr. 685 (emphasis added). On December 14, 2016, Dr. Johnson re-issued her letter, adding that she planned to take a job elsewhere and inviting the reader to contact her on personal cell-phone number, which was listed. Tr. 646, 672 (duplicate).

The ALJ accorded little weight to Dr. Johnson's opinion. Tr. 18. He acknowledged that it qualified as a treating opinion but found that it was unsupported and inconsistent with the record. *See* Tr. 18.

> I find that the December 2016 statement from [Plaintiff]'s primary care physician, Dr. Christine Johnson, M.D., is entitled to little weight. [Tr. 646]. Dr. Johnson had an established treating relationship with [Plaintiff] at the time of her statement, and therefore her observations are of some value. However, her opinion that [Plaintiff] would be limited in even basic activities of daily living and unable to sustain any prolonged activity is conclusory and not supported by reference to any specific medical evidence or observations, and is not well explained. Moreover, her opinion is inconsistent with the majority of the medical evidence from 2017 and 2018 that generally reflected no or minor abnormal physical or mental findings upon

> objective examination. [*See* Tr. 639–684, 894–959]. Therefore, I afford little weight to Dr. Johnson's opinion.

Tr. 18. This was the entirety of his findings on Dr. Johnson's opinion. *See id.*

Plaintiff argues that the ALJ committed reversible legal error in weighing Dr. Johnson's opinion because he failed to apply the treating-physician rule. [Doc. 26] at 2; *see* [Doc. 20] at 6–8. The Court agrees.

The treating-physician analysis is a two-phase analysis. *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011) ("[I]n evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct."); *Andersen v. Astrue*, 319 F. App'x 712, 722 (10th Cir. 2009) (finding reversible legal error where an ALJ considered only supportability in rejecting a treating opinion). The ALJ found that Dr. Johnson's opinion was "conclusory," "not supported," "not well explained," and "inconsistent," Tr. 18, which satisfied phase one of the treating-physician analysis. Had such findings been supported by substantial evidence, they would have sufficed to decline *controlling* weight to Dr. Johnson's opinion. Nevertheless, the ALJ would still have been required to determine what lesser amount of weight to accord the opinion based on the regulatory factors. Here, the ALJ completed only phase one and stopped. He failed to complete an "analytically distinct" inquiry into the regulatory factors. *Krauser*, 638 F.3d at 1330. This was legal error.

## Conclusion

The ALJ failed to apply the correct legal standards in weighing the opinion of Plaintiff's treating physician, Dr. Johnson. Remand, thus, is warranted for reevaluation of Dr. Johnson's

9

opinion. Plaintiff's other allegations of error may be made moot when the opinion is reassessed. Therefore, the Court declines to pass on Plaintiff's other allegations of error at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing [Doc. 20] be **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion. *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**