**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JAMI LYNN MEDINA,**

  **Plaintiff,**

v.                                                                                                          No. 19-cv-1114 SMV

**ANDREW SAUL,**
**Commissioner of the Social Security Administration,**

  **Defendant.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [Doc. 30], filed April 26, 2021. Plaintiff responded in opposition on May 3, 2021. [Doc. 31]. Defendant filed no reply, and the time for doing so has passed. Defendant fails to show that the Court misapprehended the facts or that any other circumstance warrants relief under Rule 59(e). The Motion will be denied.

**Background**

Defendant denied Plaintiff's application for disability and disability insurance benefits, and the denial became final on October 1, 2019. Tr. 1–3. Plaintiff timely initiated this action for judicial review of the denial on November 28, 2019. [Doc. 1]. Plaintiff's treating physician, Dr. Johnson, had drafted a letter in support of her claim for disability benefits on March 23, 2015.

> To Whom It May Concern:
> I am contacting you on behalf of my patient, Jamie Medina. Ms. Medina is currently applying for disability and asked me to provide this statement about her medical diagnosis and physical condition.
> Fibromyalgia is a chronic, life-altering and often debilitating condition for which there is no cure. Although this condition reveals itself on the muscles and

> joints, there is also a powerful negative effect on mental functioning. Researchers have found that fibromyalgia causes as much disability as other major diseases, such as cancer, arthritis, hypertension, heart disease, diabetes[,] and depression.
> *Ms. Medina suffers from fibromyalgia and anxiety disorder. As a result of these conditions, she should be considered disabled. Her ability to perform a number of basic tasks is limited. Ms. Medina is capable of only mild intermittent activity. Her ability to sustain any activity for even a few hours a day is unpredictable. Any prolonged activity (even sedentary) worsens her condition and can cause exacerbation of her symptoms. Therefore, her activities of daily living are markedly limited as is her ability to complete tasks. This illness has radically limited Ms. Medina's life. She has been unable to maintain work at any level.*
> If you have any further questions regarding this patient, please do not hesitate to contact me.

Tr. 685 (emphasis added). On December 14, 2016, Dr. Johnson re-issued her letter, adding that she planned to take a job elsewhere and inviting the reader to contact her at her personal cell-phone number, which was listed. Tr. 646, 672 (duplicate). Dr. Johnson saw Plaintiff eleven times over more than two years. [Doc. 28] at 4 (citing Tr. 774–77, 771–71, 456–58, 454–56, 451–54, 447–50, 446–47, 443–45, 441–43, 529–31, 653 (citation to duplicate records omitted)). At every visit, Dr. Johnson addressed Plaintiff's chronic pain, and at no fewer than five visits she provided evidence of Plaintiff's myofascial pain and fibromyalgia, such as definite tender points. *Id.* at 4–5 (citing Tr. 776, 772, 455, 444, 441). Moreover, Dr. Johnson was the only provider who actually examined Plaintiff. Nevertheless, the ALJ rejected[1] Dr. Johnson's opinion in favor of the opinions of the non-examining physicians. *Id.* at 5 (citing Tr 18 (ALJ's decision), 191–92 (Dr. Rehman's opinion), 208–10 (Dr. Billinghurst's opinion)).

---

[1] In this case, the "little weight" accorded by the ALJ operates as a rejection of Dr. Johnson's opinion. This is evident by the significant difference between Dr. Johnson's opinion and the residual-functional-capacity assessment. It is also evident in the general nature of the ALJ's findings regarding Dr. Johnson's opinion. For example, if the ALJ had utilized the phrase "little weight" and then went on to explain why certain restrictions were adopted while others were not, the phrase might mean something short of rejection, but that is not the case here. Further, it is common for "little weight" to operate effectively as a rejection. *See e.g.*, *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (noting that ALJ's decision "according little weight to" physician's opinion effectively rejected the opinion).

The ALJ accorded "little weight" to Dr. Johnson's opinion. Tr. 18. He acknowledged that it qualified as a treating opinion but found that it was unsupported and inconsistent with the record. *See* Tr. 18.

> I find that the December 2016 statement from [Plaintiff]'s primary care physician, Dr. Christine Johnson, M.D., is entitled to little weight. [Tr. 646]. Dr. Johnson had an established treating relationship with [Plaintiff] at the time of her statement, and therefore her observations are of some value. However, her opinion that [Plaintiff] would be limited in even basic activities of daily living and unable to sustain any prolonged activity is conclusory and not supported by reference to any specific medical evidence or observations, and is not well explained. Moreover, her opinion is inconsistent with the majority of the medical evidence from 2017 and 2018 that generally reflected no or minor abnormal physical or mental findings upon objective examination. [*See* Tr. 639–684, 894–959]. Therefore, I afford little weight to Dr. Johnson's opinion.

Tr. 18. This was the entirety of his findings on Dr. Johnson's opinion. *See id.* On the merits briefing, the Court found that the ALJ had committed reversible legal error in weighing Dr. Johnson's opinion because he failed to apply the two "analytically distinct" phases of the treating-physician analysis. [Doc. 28] at 9.

The treating-physician analysis is a two-phase analysis. *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). "[I]n evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct." *Id.* Since the Tenth Circuit Court of Appeals published its decision in *Krauser*, it has repeatedly reaffirmed the requirement for an analysis comprising two distinct phases. *See Guice v. Comm'r*, 785 F. App'x 565, 570–71 (10th Cir. 2019) (describing the two-phase analysis); *Lopez v. Astrue*, 642 F. App'x 826, 829 (10th Cir. 2016) (remanding where the ALJ failed to complete two analytically distinct phases); *Chrismon v. Colvin*, 531 F. App'x 893, 901 (10th Cir. 2013) (remanding where the ALJ "collapsed the two-step inquiry [and] left undone the second step").

In this case, the ALJ found that Dr. Johnson's opinion was "conclusory," "not supported," "not well explained," and "inconsistent," Tr. 18, which satisfied phase one of the treating-physician analysis. Had such findings been supported by substantial evidence, which the Court did not find, they would have been adequate to deny controlling weight to Dr. Johnson's opinion. In other words, such findings would have satisfied phase one of the treating-physician rule. However, the ALJ would still have been required to complete phase two, i.e., to weigh the opinion based on the regulatory factors to determine what lesser amount of weight to assign to the opinion. Here, the ALJ completed only phase one and stopped. He failed to complete phase two: an "analytically distinct" inquiry into the regulatory factors. [Doc. 28] at 9 (citing *Krauser*, 638 F.3d at 1330). This was legal error. Accordingly, the Court reversed the denial of benefits, remanded the case for further proceedings, and entered judgment in favor of Plaintiff. Now, Defendant asks the Court to alter or amend the judgment on the ground that the Court misread the ALJ's decision and thereby committed clear error. [Doc. 30] at 1–2.

## **Legal Standard**

A court may reconsider a final decision under Rule 59(e) if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A Rule 59(e) motion is not intended to "allow a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier." *ACE USA v. Union Pac. R.R. Co.*, No. 09-2194-KHV, 2011 U.S. Dist. LEXIS 141228, 2011 WL 6097138, at *1 (D. Kan. Dec. 7,

2011) (unpublished).  "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."  *Id.*  In fact, a court is *without discretion* to grant Rule 59(e) relief in order to revisit issues already addressed or entertain arguments that could have been raised in prior briefing.  *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (2019).

## Analysis

Defendant requests relief under Rule 59(e) to correct clear error.  As Defendant sees it, the Court must have misread the ALJ's decision, because Defendant argues, the ALJ "explained that the reason for [according the treating opinion "little weight"] was the opinion's inconsistency with the larger medical record and the opinion's lack of supporting explanation or detail."  [Doc. 30] at 2 (citing Tr. 18).  Defendant does not disagree that "the factors of support and consistency were relevant to the controlling[-]weight analysis," i.e., phase one.  *Id.* at 3.  But Defendant urges that these same factors should also satisfy the required phase-two findings.  *Id.* ("The Court . . . did not seem to recognize that these same factors were also expressly relevant in determining what lesser weight to give Dr. Johnson's opinion.").  *Id.*  Defendant argues that that these reasons are so clearly adequate that Rule 59(e) relief is warranted.  Defendant is correct that the ALJ provided these reasons for rejecting Dr. Johnson's opinion. Tr. 18.  But the material issue is whether those reasons satisfied *Krauser*.

Defendant's Motion fails to address *Krauser* in any way.  *See* [Doc. 30].  Defendant does not make any argument as to how the ALJ's findings could constitute the required "analytically distinct" findings at phase one and phase two of the treating-physician rule.  *See id.*  Nor does Defendant argue that *Krauser* does not control the outcome of this case.  *See id.*  Because

5

Defendant fails to address *Krauser* and fails to address its requirement for "analytically distinct" findings at phase one and two, Defendant's Motion should be denied.

The cases cited by Defendant do not support relief under Rule 59(e). Defendant argues that "the Tenth Circuit has routinely found that the rationales provided by the ALJ here are sufficient to support an ALJ's assessment of a treating source opinion." *Id.* at 4. The ALJ's rationale here was that Dr. Johnson's opinion was "conclusory," "not supported," "not well explained," and "inconsistent." Tr. 18. Defendant's position is that the ALJ's rationale is adequate. The Court is not persuaded.

The two Tenth Circuit cases cited by Defendant—*Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) and *Marshall v. Astrue*, 315 F. App'x 757, 761 (10th Cir. 2009)—do not advance Defendant's position. These cases neither mention *Krauser* nor address the issue of two "analytically distinct" phases of the treating-physician analysis. It makes sense that these cases do not address the controlling issue from *Krauser* considering that they **pre-date *Krauser* by two years**. Defendant fails to show that the Court erred in applying *Krauser* or in finding that the ALJ's evaluation of Dr. Johnson's opinion did not satisfy *Krauser*'s requirement for two "analytically distinct" phases of the treating-physician analysis.

## Conclusion

Defendant fails to show that the Court misapprehended the facts or that any other circumstance warrants relief under Rule 59(e). The ALJ found that Dr. Johnson's opinion was "conclusory," "not supported," "not well explained," and "inconsistent." Tr. 18. On the merits, the Court found that these reasons—for rejecting Dr. Johnson's opinion and instead adopting the non-examining opinions—accounted for only phase one of the treating-physician analysis under

*Krauser*. Defendant's Motion does not address *Krauser* in any way, and therefore, it is unpersuasive.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [Doc. 30] be **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**